THE STATE v. J. E. BRYAN.

*Attorney at Law—Agent—Justice of the Peace—Evidence.*

1. A justice of the peace who practices law in any of the Courts of the county wherein he holds his office is guilty of a misdemeanor. *The Code*, §27.

2. To constitute a practicing of law, within the prohibition of the statute, it is necessary that the person charged with its violation shall have customarily or habitually held himself out to the public as a lawyer, or that he demanded compensation for his services as such.

3. The fact that a person on one occasion acted as an attorney for a party to an action, but there was no evidence that he did so in other cases, or that he received or demanded compensation for his service, is some evidence to go to the jury, to be considered in determining whether he practiced law, in the meaning of the statute, but it is not conclusive of that fact.

INDICTMENT, tried before *Shepherd, Judge,* at the Fall Term, 1887, of CHATHAM Superior Court.

The defendant was a justice of the peace in and for the county of Chatham; and the indictment charges that he " did,

unlawfully and wilfully, on the 26th day of August, A. D. 1886, practice law as an attorney, in the county aforesaid, in a judicial court held by W. B. Wilkie, a justice of the peace of said county of Chatham, in the trial of a civil action wherein Luke Brothers were plaintiffs, and J. E. Boling, Eliza Holden and Mary Holden were defendants, by appearing as attorney of said plaintiffs, contrary to the form of the statute," &c.

Upon the trial B. I. Howze, Esq., an attorney at law, a witness for the State, testified as follows:

"In a case wherein Luke Bros. were plaintiffs, and J. E. Boling, Eliza and Mary Holden were defendants, I appeared for Boling. The case was tried before W. B. Wilkie, in this county, in August, 1886. The defendant was present when the case was called by the justice of the peace. The plaintiffs did not appear. I asked the justice to have them called. The defendant then said that Luke Bros. were engaged or sick, and that he had come as their agent to represent them in the case. The case was then called. He said he was ready, and opened the case by reading some papers—a mortgage— and called witnesses; had them sworn and examined. Then he stopped, and I examined a witness, and defendant cross-examined her. I objected to the introduction of the mortgage and argued the point, and he argued that it was admissible. After the close of the case the defendant and I made regular arguments to the Court. The defendant was a justice of the peace at the time of the trial. During the progress of the trial one of the Luke Bros. was present and examined as a witness."

The State rested, and the defendant introduced no evidence.

The defendant then insisted that, taking all the evidence to be true, he was not guilty:

1st. Because §27 of *The Code* was intended to apply to licensed attorneys at law, practicing law in the county

where he holds the position of a County Commissioner or justice of the peace.

2d. That the offence is *practicing* law, making it necessary for the State to allege and show that the defendant was in the habit of appearing as an attorney for a reward.

3d. That the indictment charges no offence.

His Honor instructed the jury that, if they believed the evidence, the defendant was guilty.

There was a verdict of guilty; motion in arrest of judgment, for that the indictment does not allege a criminal offence.   Motion overruled; judgment and appeal.

*The Attorney General,* for the State.
*Messrs. John Manning* and *T. B. Womack,* for the defendant.

. DAVIS, J., (after stating the case).   Section 27 of *The Code* is as follows: "It shall not be lawful for any attorney at law or justice of the peace to practice law as an attorney in any of the judicial courts held for the county wherein they hold the office of County Commissioner or justice of the peace. And any person offending against this section shall be guilty of a misdemeanor," &c.

This is the first time that this Court has been called upon to construe the above section.   It was earnestly insisted by the very able counsel who represented the defendant that it was intended to apply only to licensed attorneys, who might also be justices of the peace, and to prohibit such attorneys from practicing only in the courts of the counties in which they resided.   We cannot give this restricted interpretation to the statute.   If such had been the intention of the Legislature the words "or justice of the peace," after the words "attorney at law," would have been surplusage.   It was intended to make it a misdemeanor in a *justice of the peace to practice law as an attorney* in any of the judicial courts of his county.   Is the evidence presented sufficient to establish,

beyond a reasonable doubt, the charge that the defendant did so practice law within the meaning of the statute? "An attorney, in the most general sense, is a person designated or employed by another to act in his stead—an agent; more especially one of a class of persons authorized to appear and act for suitors or defendants in legal proceedings. Strictly, these professional persons are attorneys at law, and non-professional agents are properly styled attorneys in fact; but the single word is much used as meaning an attorney at law.. A person may be an attorney in fact for another, without being an attorney at law." Abbott's Law Dictionary—Attorney.

" A public attorney, or attorney at law," says Webster, "is an officer of a court of law, legally qualified to prosecute and defend actions in such court on the *retainer* of clients."

"The principal duties of an attorney are: 1, to be true to the Court and to his client; 2, to manage the business of his client with care, skill and integrity; 3, to keep his client informed as to the state of his business; 4, to keep his secrets, confided to him as such. * * * His rights are, to be justly compensated for his services." Bouvier's Law Dic.; Title, Attorney.

The transitive verb, practice, as defined by Webster, means: "To do or perform frequently, customarily, or habitually; to perform by a succession of acts: as, to practice gaming; * * * to carry on in practice or repeated action; to apply, as a theory, to real life; to exercise, as a profession, trade, art, &c., as, to *practice law* or medicine," &c.

There is no evidence that the defendant received any retainer or fee, or that he charged anything for his services, or that he proclaimed himself as a lawyer, or that he held himself out to the public as such, or that he *practiced* for reward as a lawyer, or that he appeared in any other case, or that he claimed any just "compensation for his services," which last is an essential element in the *practice* of law.

May not a justice of the peace act as agent or attorney of another without being guilty of *practicing* law? The single act of the defendant, as testified to, is consistent with such an agency, and nothing more appearing, while it is evidence, it is not sufficient in itself to meet *all* the essential elements necessary to show that the defendant "practiced law as an attorney," so as to *require* that the jury should, without more evidence, render a verdict of guilty. There was no evidence that the defendant was in the habit of appearing or practicing "as an attorney at law," or that he received any compensation, or that he held himself out to the public as an attorney at law. He only professed to act as "agent," and the evidence was not sufficiently full and complete to make it *obligatory* on the jury to render a verdict of guilty.

There is error, and the defendant is entitled to a new trial.
Error.