COMMONWEALTH *vs.* JOHN F. MORRIS & others.

Suffolk.    March 12, 1900. — March 29, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Statute as to Small Loans and Redemption of Security — Complaint — Penalty — Proof of Offence — " Per Annum " or " For a Year " — Interest — Evidence.*

The St. of 1898, c. 577, relative to small loans and the redemption of the security therefor is not vague, defective, uncertain, and silent upon essential points, and hence void in that § 1 sets out no penalty, and § 10 does not define the offence. The fact that we have to look to other sections of the statute to ascertain the provisions as to a license, and to what loans the statute applies, does not render the statute defective, vague, and uncertain.    Section 1 says nothing about a penalty and applies to single loans, while § 10 applies to the engaging in, or carrying on of, the business of making such loans; and the offence alleged must be proved by showing a number of distinct acts of the kind forbidden in § 1.

The contention that the St. of 1898, c. 577, relative to small loans and the redemption of the security therefor, being silent as to the period of time for which the charging of more than twelve per cent is unlawful, is therefore vague and uncertain, is unsound, as the meaning is plain, and the words " per annum " or " for a year " are to be understood; and the language of the complaint must have the

same meaning; and the complaint is not defective in not stating the period of time for which interest was to run.

At the trial of a complaint under the St. of 1898, c. 577, relative to small loans and the redemption of the security therefor, it is competent to show that, while the notes and mortgages purported to be at a rate of interest not greater than twelve per cent per annum, the defendant in each instance deducted from the amount set out in the notes and mortgages certain amounts as expenses of making and securing loans, and that the total of these sums, and the interest actually charged and received as interest, were in each instance in excess of twelve per cent per annum and other charges allowed by the statute.

COMPLAINT, to the Municipal Court of the city of Boston under St. 1898, c. 577. Trial in the Superior Court, on appeal, before *Hardy*, J., who overruled certain motions to quash made before the impanelling of the jury; and the defendants excepted.

The jury returned a verdict of guilty against each defendant; and they alleged exceptions. They then filed a motion in arrest of judgment, which was overruled, and they excepted. The nature of all the exceptions appears in the opinion.

*T. W. Proctor*, (*S. R. Cutler* with him,) for the defendants.

*J. D. McLaughlin*, Second Assistant District Attorney, for the Commonwealth.

LATHROP, J. While there are many grounds of objection taken in the court below to the validity of the complaint and the statute upon which it is founded, we shall confine ourselves to those insisted upon at the argument before us.

1. The statute in question is the St. of 1898, c. 577, entitled " An Act relative to small loans and the redemption of the security therefor." The defendants contend that the statute is vague, defective, uncertain, and silent upon essential points, and hence void. In support of this proposition it is urged that the complaint is under §§ 1 and 10 of the act above referred to, and that § 1 sets out no penalty, and § 10 does not define the offence. We agree that § 1 does not set out a penalty, but we do not agree that § 10 does not set out an offence. Section 10 provides : " Any person or persons not being duly licensed as provided in this act who, on his or their own account, or on account of any other person or persons, copartnership or corporation not so licensed, shall engage in or carry on, directly or indirectly, either separately or in connection with or as part of any other business, the business of making loans to which the provisions

of this act apply, shall be punished by a fine of not more than three hundred dollars, or by imprisonment in the house of correction not more than sixty days, or by both such fine and imprisonment."

The fact that we have to look to other sections of the statute to ascertain the provisions as to a license, and to what loans the statute applies, does not render the statute defective, vague, and uncertain. While § 1 says nothing about a penalty, it does prohibit a person, corporation, or partnership "engaged in the business of making loans" from making "any loan secured by mortgage or pledge of household furniture or other personal property exempt from attachment, or by assignment of wages for personal service, for less than two hundred dollars and at a rate of interest greater than twelve per cent, without first having obtained a license for carrying on such business in the city or town in which such business is transacted." This section applies to single loans, while § 10 applies to the engaging in or carrying on of the business of making such loans. The offence alleged must be proved by showing a number of distinct acts of the kind forbidden in § 1.

It is next contended that the statute is silent as to the period of time for which the charging of more than twelve per cent is unlawful; and that therefore the statute is vague and uncertain. But we are of opinion that the meaning is plain, and that the words "per annum" or "for a year" are to be understood. By the Pub. Sts. c. 77, § 3, it is provided: "When there is no agreement for a different rate, the interest of money shall be at the rate of six dollars upon each hundred dollars for a year." Where a different rate is allowed by statute, it is to be presumed that this is the rate for the year. In the Pub. Sts. c. 27, § 28, authorizing a town buying waterworks to issue in payment therefor bonds bearing interest at a rate not exceeding seven per cent, the words "for a year" are omitted, but no one can doubt what the meaning is.

2. The defendants further contend that whatever may be the meaning of the statute, the complaint is defective in not stating the period of time for which interest was to run. But we are of opinion that if the statute has the meaning we have stated, the language of the complaint must have the same meaning, and that the offence is sufficiently set forth.

3. The remaining question is as to the admission of evidence to show that, while the notes and mortgages purported to be at a rate of interest not greater than twelve per cent per annum, the defendants in each instance deducted from the amount set out in the notes and mortgages certain amounts as expenses of making and securing loans, and that the total of these sums, and the interest actually charged and received as interest, were in each instance in excess of twelve per cent per annum, and other charges allowed by the statute. Section 4 of the statute provides that certain sums may, if both parties to the loan so agree, be paid by the borrower or added to the debt, and taken by the lender as the expense of making and securing the loan, and such sum shall not be counted as part of the interest of such loan. The section then provides : " No greater sum than as above specified shall be taken for such purpose, and any sum paid, promised or taken in excess of such sum shall be deemed to be taken as interest, and shall be so considered for the purposes of this act."

It seems to us too clear to require argument that the ruling of the court below in admitting the evidence was right. Any other construction would render the statute futile.

*Exceptions overruled ; appeal dismissed.*