HYMAN GOODOWSKY *vs.* SAMUEL RUBENSTEIN & another.

Suffolk.   November 21, 1916. — January 4, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Small Loans Act.   Contract,* Validity.   *Bills and Notes.*

St. 1911, c. 727, § 17, as amended by St. 1912, c. 675, § 5, providing that "Who-
ever not being duly licensed . . . engages in or carries on, directly or indirectly,
either separately or in connection with or as a part of any other business, the
business of making loans" of $300 or less on which is paid an amount ex-
ceeding twelve per cent per annum "shall be punished" and that "Any loan
made .·. . in violation of this act shall be void," makes criminal the carrying
on by an unlicensed person of the business thus described and does not
prohibit the making by an unlicensed person of a single loan of the kind
described.

Thus in an action on a promissory note made to the plaintiff by the defendant
for a sum less than $300 bearing interest at more than twelve per cent per
annum, if it appears that this was the only time that the plaintiff lent a sum
of money as small as $300, it may be found that the plaintiff was not engaged,
either directly or indirectly, in the business of making small loans within the
meaning of the statute, and he may be allowed to recover on the note.

In the case above described it was *said* that the circumstances proved might be such
that the making of a single loan of the character described in the statute would be
sufficient to warrant a finding that the person who made it was carrying on the
business of making such loans.

CONTRACT on a promissory note for $200 made by the defendant Rubenstein to the order of himself and indorsed in blank by that defendant and by the defendant Rogers.   Writ in the Municipal Court of the City of Boston dated November 2, 1915.

The answer set up, among other defences, "that the plaintiff charged a rate of interest in violation of law and that the said transaction was illegal and void."

At the trial in the Municipal Court it appeared that interest was paid on the loan in excess of twelve per cent per annum and

that at the time the loan was made the plaintiff was not licensed to conduct the business of making small loans. There was evidence that this was the only time the plaintiff ever lent a sum of money of an amount of $300 or less. At the close of the evidence the defendants asked the judge to make the following rulings:

"1. Upon all the evidence judgment should be rendered for the defendants.

"2. Upon all the evidence the court must find that the amount paid for interest on said loan exceeded in the aggregate twelve per cent per annum.

"3. Upon all the evidence the court must find that the plaintiff is an unlicensed person and that the loan was made in violation of St. 1912, c. 675, § 5, and is therefore void."

The judge refused to make any of these rulings, and found for the plaintiff. At the request of the defendants he reported the case to the Appellate Division.

The Appellate Division made an order dismissing the report, and the defendants appealed.

St. 1911, c. 727, § 3, as amended by St. 1912, c. 675, § 2, is as follows: "No person, partnership, corporation, or association within the Commonwealth, shall directly or indirectly engage in the business of making loans of three hundred dollars or less, if the amount to be paid on any such loan, for interest and expenses, exceeds in the aggregate an amount equivalent to twelve per cent per annum upon the sum loaned, without first obtaining from the supervisor of loan agencies a license to carry on said business in the city or town in which the business is to be transacted. When an application for a loan, or for an endorsement or guarantee, or for the purchase of a note is made by any person within this Commonwealth, and the money is advanced, or the endorsement or guarantee is made or furnished by any person, partnership, corporation, or association situated without the Commonwealth, the transaction shall be deemed a loan made within the Commonwealth, and such a loan and the parties making it shall be subject to the provisions of this act. The buying or endorsing of notes, or the furnishing of guarantee or security for compensation shall be considered to be engaging in the business of making small loans within the provisions of this act."

St. 1911, c. 727, § 17, as amended by St. 1912, c. 675, § 5, is as

follows: "Whoever not being duly licensed as provided in this act, on his own account or on account of any other person, partnership, corporation or association not so licensed, engages in or carries on, directly or indirectly, either separately or in connection with or as a part of any other business, the business of making loans or buying notes or furnishing endorsements or guarantees, to which the provisions of this act apply, shall be punished by a fine of not more than five hundred dollars, or by imprisonment for not more than sixty days, or by both such fine and imprisonment. And any loan made or note purchased, or endorsement or guarantee furnished by an unlicensed person, partnership, corporation or association in violation of this act shall be void."

*D. A. Marshall,* for the defendants.

*C. Gerstein,* for the plaintiff.

RUGG, C. J. This is an action of contract between the original parties to the instrument to recover upon a promissory note for $200. There was evidence tending to show that interest in excess of twelve per cent was charged and paid. The defence is that the loan is in violation of the small loans act.

It is provided by St. 1912, c. 675, § 5, that, "Whoever not being duly licensed . . . engages in or carries on, directly or indirectly, either separately or in connection with or as a part of any other business, the business of making loans . . . to which the provisions of this act apply, shall be punished. . . . And any loan made . . . by an unlicensed person . . . in violation of this act shall be void." Small loans are defined in the statute to be $300 or less. The plaintiff is not licensed. The evidence being uncontradicted that this was the only time the plaintiff ever lent a sum of money of an amount of $300 or less, the judge found that "the plaintiff was not engaged, either directly or indirectly, in the business of making [small] loans" under the statute. Judgment was entered for the plaintiff.

The question presented is whether a single loan for less than $300 at more than twelve per cent interest by one not engaged in the business of making small loans is void under the statute. The statute does not prohibit all such loans except by licensed persons. It simply forbids the making of such loans as a business unless one is licensed. The making of a single loan might be sufficient under appropriate circumstances to warrant a finding

that the one making the loan was carrying on the business. But it does not require such a finding. The statute declares void only loans made in violation of the act, that is, those made as a part of carrying on the business of making such loans by one who is unlicensed. The statute does not inhibit the making of one such loan by a person not engaged in that business. The occupation and not the isolated act is interdicted.

*Order dismissing report affirmed.*