COMMONWEALTH *vs*. RUSSELL C. WHITE.

Norfolk.    May 23, 1927.— June 29, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*License. Carrier*, Of passengers, License. *Municipal Corporations*, By-laws and ordinances. *Words*, "Engage in . . . business."

In a regulation of the town of Brookline, "No person, firm, or corporation shall engage in the business of transporting persons for hire in a carriage or vehicle from place to place within the limits of the town of Brookline without first having obtained a license from the board of selectmen of said town," the phrase, "engage in the business" meant at least that the business shall be carried on as a regular occupation or constant employment as distinguished from a single isolated act.

The act of a driver of a taxicab who, having brought a passenger from Boston to Brookline, on a single occasion granted the request of another person to take him for hire from one place to another in the town of Brookline, was not a violation of the rule above quoted.

The act of the taxicab driver in carrying a passenger from Boston to Brookline was not a violation of the rules and orders above quoted.

COMPLAINT, received and sworn to in the Municipal Court of Brookline on January 19, 1925, charging that the defendant "did engage in the business of transporting persons for hire in a certain vehicle, to wit an automobile, from place to place within the limits of the said Town of Brookline, without first having obtained a license from the Board of Selectmen of

said Town, so to do against the peace of said Commonwealth and the form of the Regulation of Vehicles for hire of said Brookline in such case made and provided."

On appeal to the Superior Court, the complaint was tried before *Hayden,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485; 1926, c. 285, upon an agreed statement of facts which are described in the opinion. The defendant moved that a verdict of not guilty be entered. The motion was denied.

The defendant asked for the following rulings among others:

"1. The by-laws of the town of Brookline entitled 'Rules and Orders for the Regulations of Carriages or Vehicles for Hire' relate solely to and are solely applicable to persons, firms or corporations engaged in the business of transporting persons for hire in a carriage or vehicle from place to place within the limits of the town of Brookline.

"2. The defendant was not engaged in the business of transporting persons for hire from place to place within the limits of the town of Brookline."

"12. The defendant's act was not in violation of the 'Rules and Orders for the Regulation of Carriages or Vehicles for Hire' adopted by the selectmen of Brookline."

The rulings were refused, the defendant was found guilty, and the case was reported to this court for determination.

*T. F. Quinn,* for the defendant.

*D. P. Ranney,* Assistant District Attorney, for the Commonwealth, submitted a brief.

CROSBY, J. The selectmen of Brookline adopted certain rules and orders for the regulation of carriages or vehicles for hire, which provided in part that "No person, firm, or corporation shall engage in the business of transporting persons for hire in a carriage or vehicle from place to place within the limits of the town of Brookline without first having obtained a license from the board of selectmen of said town."

The case was tried on the following agreed facts: "The defendant operated a taxicab and brought a passenger from the North Station in Boston, Massachusetts, to Coolidge

Corner, Brookline, and had just started back for Boston when he was hailed by a Doctor Saunders. Doctor Saunders was an elderly gentleman and crippled. Doctor Saunders requested the defendant to take him to a place situated in the town of Brookline. The defendant took Doctor Saunders to that place and received a fare for it. The defendant was a citizen of the United States and a resident of Boston in the county of Suffolk. He was not a resident of Brookline. The defendant's automobile was duly registered and he had a chauffeur's license, but he had no license from the town of Brookline under said rules and orders. The defendant was licensed by the city of Boston to operate a taxicab for hire."

The offence set forth in the rules and orders is that persons, firms and corporations "shall [not] engage in the business" therein described. The occupation and not an isolated act is prohibited. *Goodowsky* v. *Rubenstein,* 225 Mass. 448, 451. The phrase "engage in the business" means at least that the business shall be carried on as a regular occupation or constant employment as distinguished from a single isolated act. The agreed facts show that the defendant on a single instance, while in Brookline, without solicitation on his part, and at the request of a person, carried him as a passenger from one place to another within the limits of the town. Such act alone plainly was insufficient to warrant a finding that the defendant violated the rules and orders. It did not tend to prove that he was engaged in the business of transporting passengers from place to place in that town within the language of the rules. *Commonwealth* v. *Farnum,* 114 Mass. 267. *Goodowsky* v. *Rubenstein, supra.* See also *Commonwealth* v. *Reid,* 175 Mass. 325, 329; *Commonwealth* v. *Morris,* 176 Mass. 19, 21; *Commonwealth* v. *Schwartz,* 197 Mass. 107, 111.

The act of the defendant in carrying a passenger from Boston to Brookline was not a violation of the rules and orders. *Commonwealth* v. *Stodder,* 2 Cush. 562, 576. Other questions argued need not be considered. The defendant's requests for rulings numbered 1, 2 and 12, should have been given; the exceptions to the refusal of the judge to give them must be sustained.

In accordance with the terms of the report, the case is remanded to the Superior Court to be disposed of in accordance with this opinion.

*So ordered.*