COMMONWEALTH *vs.* LEWIS SOVRENSKY.

Suffolk.     December 10, 1929. — December 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Sale,* Of tickets to place of public amusement. *Evidence,* Relevancy and materiality. *Practice, Criminal,* Charge to jury, Exceptions. *Words,* "Engage in . . . business."

At the trial of a complaint for violation of § 185A, added to G. L. c. 140 by St. 1924, c. 497, § 2, there was evidence for the Commonwealth that the defendant walked up and down the sidewalk in front of a

public hall where a wrestling bout was being held, calling out that he had tickets for sale; that he sold two tickets for $15, the box office price being $5 each; and that he had two other tickets in his possession. *Held*, that

(1) A single resale of tickets by the defendant, in view of the circumstances disclosed by the evidence, warranted a finding that the defendant was engaged in the business of reselling tickets and warranted a verdict of guilty; distinguishing *Commonwealth* v. *White*, 260 Mass. 300;

(2) Certain testimony by the defendant as to the circumstances of his obtaining the tickets and his inability to use them, was immaterial except upon the credibility of his testimony.

A bill of exceptions presented by the defendant after a verdict of guilty at the trial above described stated that the trial judge charged the jury that "Under the conditions testified to by the government witness, the defendant is guilty, and the fact that this was the only instance of sale is no defence. It might be a fair inference from the evidence that if the defendant sold two tickets he was going to sell the other two. If he was engaged in reselling a ticket he was engaged in the business as disclosed by the Commonwealth's evidence." The remainder of the charge was not set forth. *Held*, that

(1) This court must assume that full and accurate instructions were given as to what must be proved to warrant finding the defendant guilty;

(2) The quoted portions of the charge being proper, no error was shown.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on January 5, 1929.

Upon appeal to the Superior Court, the complaint was tried before *Hayden*, J., a judge of a district court sitting in the Superior Court. Material evidence and portions of the judge's charge are stated in the opinion. The defendant was found guilty and alleged exceptions.

St. 1924, c. 497, § 2, adding § 185A to G. L. c. 140, reads in part as follows:

"No person shall engage in the business of reselling any ticket or tickets of admission or other evidence of right of entry to any theatrical exhibition, public show or public amusement or exhibition required to be licensed under sections one hundred and eighty-one and one hundred and eighty-two, whether such business is conducted on or off the premises on which such ticket or other evidence is to be used, without being licensed therefor by the commissioner of public safety, . . . ."

*H. Kalus,* for the defendant.

*W. J. Foley,* District Attorney, & *J. A. Scolponeti,* Assistant District Attorney, for the Commonwealth.

WAIT, J. The defendant was found guilty upon a complaint charging that he "did engage in the business of reselling a certain ticket of admission to a certain public amusement . . . not being . . . licensed according to law so to do." There was evidence for the prosecution that about 7:30 P.M. he was seen walking up and down the sidewalk and standing on the edge of the sidewalk in front of the "Boston Garden" where a wrestling bout was being held, calling out that he had tickets for sale; and that he sold two tickets for $15 to a witness. He had two other tickets upon him when arrested. The box office price for the tickets was $5 each. There was no evidence of other sales by him at any time. He contends that there was error in the judge's refusal to direct a verdict in his favor; in refusing to instruct the jury: "Making a single sale of tickets does not constitute engaging in the business of selling tickets"; and in certain instructions given. He relies chiefly upon *Commonwealth* v. *White,* 260 Mass. 300, in which we held that evidence of a single act of transportation of a passenger in a taxicab within the town limits of Brookline, did not establish that the driver was engaged in the business of transporting persons for hire in Brookline. That case was submitted on agreed facts which excluded the inference that the act was customary or one of a series, and proved that apart from the act in question no other transportation had taken place. It is nowhere intimated by the opinion that there would not have been a case for the jury had the agreed facts not precluded inferences which a jury might otherwise have drawn. It is true that the offence denounced by § 185A, added to G. L. c. 140 by St. 1924, c. 497, § 2, is engaging in the business "of reselling" tickets; and that it is the occupation and not an isolated act which is forbidden; *Goodowsky* v. *Rubenstein,* 225 Mass. 448, *Commonwealth* v. *Schwartz,* 197 Mass. 107; but as was pointed out in the Schwartz case, at page 109, one may be engaged in the business of selling although he has made no sale. A single sale taken with other circumstances

may be enough to make out the offence of doing business. *Goodowsky* v. *Rubenstein, supra,* at pages 450, 451. Here there were other circumstances. The walking about in front of the place of the public amusement, calling aloud the desire to sell, having other tickets on one's person, charging a price above the box office price, are consistent with doing a business of selling. The effort to sell is part of the business. It follows, therefore, that there was no error in refusing to direct a verdict, and to give the desired instructions.

The defendant put in evidence, which, if believed, would furnish a complete defence. He took exceptions to portions of the charge which instructed the jury that much of this evidence was immaterial except upon the credibility of his testimony. Where he got the tickets which he had; what he paid for them; how it happened that the friend for whom he testified they were obtained was unable to use them; and that the ticket office at the ".Garden" was closed; all were, as the judge instructed, of no importance except as they made his testimony more or less credible. There is nothing in the exceptions to this charge in these respects.

He excepted also to so much of the charge as stated, "Under the conditions testified to by the government witness, the defendant is guilty, and the fact that this was the only instance of sale is no defence. It might be a fair inference from the evidence that if the defendant sold two tickets he was going to sell the other two. If he was engaged in reselling a ticket he was engaged in the business as disclosed by the Commonwealth's evidence. The word 'business' must be construed in the light of the statute in which it is used." The entire charge is not before us, and we must assume that full and proper instructions were given with regard to what must be proved to entitle the prosecution to a verdict of guilty. The language excepted to is free from error. If the testimony of the Commonwealth's witnesses with the inferences sought to be drawn from it, was believed beyond reasonable doubt to be true, the defendant was guilty; and that only one instance of sale was shown constituted no defence. An inference that if he sold two of the four tickets which he had he was proposing to sell

the other two was admissible. If he was engaged in selling, as the Commonwealth's evidence justified finding, he was engaged in the business of reselling, within the meaning of "business" as used in the statute. The cases already cited fully support the charge as given. If other and fuller instructions were desired the defendant should have asked for them. He did not so request. The exceptions must be overruled.

*So ordered.*