**DANE v. BROWN.**

No. 2864.

Circuit Court of Appeals, First Circuit.

April 6, 1934.

Raymond S. Wilkins, of Boston, Mass. (A. J. Healey and R. I. Hunneman, both of Boston, Mass., on the brief), for appellant.

Philip Nichols, of Boston, Mass. (Joseph A. Boyer, of Boston, Mass., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and PETERS, District Judge.

WILSON, Circuit Judge.

This is an appeal by the defendant below, Alice C. Dane, from a verdict and judgment against her—we shall refer to the parties, plaintiff and defendant, as they appeared in the trial court. The plaintiff sued for services as an architect in the design and erection of a building on land of the defendant in New Jersey. The jury found in his favor. The grounds of appeal are based on the contention that on the admitted facts the contract sued on was illegal under the laws of New Jersey, and the plaintiff was on that account precluded from recovering.

■ The plaintiff is a practicing architect of high standing residing and practicing his profession in Boston in the commonwealth of Massachusetts, and having an office there. The project of erecting the building in question was first discussed between the parties at the defendant's summer home in Massachusetts in the fall of 1929. The plaintiff agreed to prepare tentative sketches and submit them to the defendant. He did so, and twice went for that purpose to the defendant's home in New Jersey, to which she had returned. On the second visit, she told him, in effect, to go ahead with the work. He returned to Massachusetts, and at his office, in Boston, prepared and completed the plans and specifications. The building was constructed in accordance with them, with some modifications, and the plaintiff as architect supervised the erection of it and approved the bills. The work of supervision was, of course, done in New Jersey, and to some extent the bills were approved there. The plaintiff went to New Jersey frequently while the work was in progress to consult with the defendant and supervise it.

The New Jersey statutes provide for registration of architects. The thirteenth section, on which this case depends, reads as follows:

"Practicing without certificate a misdemeanor—punishment. 13. If any person shall pursue the practice of architecture in this State, or shall engage in this State in the business of preparing plans, specifications and preliminary data for the erection or alterations of buildings, or shall advertise or put out any sign, card or drawing, designating himself as an architect, having an office or doing business within this State without a certificate thereof, in accordance with the provisions of this act, he shall be liable to a penalty of not less than fifty dollars nor more than five hundred dollars for each offense; said penalty to be recovered in an action of debt, in the name of the State Board of Architects, which said penalty, when recovered, to be paid into the treasury of this State." P. L. of N. J. 1902, p. 57, as amended P. L. 1913, p. 237, § 2, P. L. 1915, p. 135, § 1 (Comp. St. Supp. 11—13).

The three acts prohibited by this section, unless an architect holds a certificate as required by the New Jersey Act, are:

(1) Pursuing the practice of architecture in New Jersey; (2) engaging in New Jersey in the business of preparing plans, specifications, and preliminary data for the erection or alterations of buildings; (3) or advertising or putting out any sign, card, or drawing designating himself as an architect having an office or doing business within New Jersey.

It is not contended that the plaintiff violated either the second or third of the prohibitions of section 13. It does not appear that the plaintiff ever acted as an architect with reference to any other building in New Jersey, or that he ever in any manner solicited business in New Jersey; and we think the jury was warranted in finding that the facts submitted did not indicate that he had any intention in the future of "pursuing the practice of architecture in New Jersey." The preliminary conferences out of which the contract grew were all held in Massachusetts, and all the plans and specifications were drawn in the plaintiff's office in Boston. His only visits to New Jersey were for the purpose of submitting his plans and sketches to the defendant, and the necessary trips there to supervise the construction of the building and the approving of the work and bills.

The first question, therefore, is whether on the facts above stated the plaintiff acted in violation of section 13 of the New Jersey statute.

Assuming that the work of supervising the construction of the building for which an architect has drawn plans and specifications constitutes the practice of architecture, we still think that the plaintiff, by this single isolated case, though composed of several acts in connection with the supervision of the work of construction, as the record shows, cannot be held to have violated any provision of the New Jersey statute.

It is well settled, we think, that such expressions as "pursue the practice of any profession or business," "practicing architecture," "engaging in the practice of law," "engaging in business," and similar terms, contemplate a course of business or professional practice, and not single isolated acts arising from unusual circumstances. Respess v. Rex Spinning Co., 191 N. C. 809, 133 S. E. 391; Goodowsky v. Rubenstein, 225 Mass. 448, 450, 114 N. E. 683; Commonwealth v. White, 260 Mass. 300, 302, 157 N. E. 597; Keller v. State, 123 Ala. 94, 26 So. 323; Kimmel v. Mayor of City of Americus, 105 Ga. 694, 31 S. E. 623; State v. Bryan, 98 N. C. 644, 4 S. E. 522; State v. Ray, 109 N. C. 736, 14 S. E. 83, 14 L. R. A. 529; 21 Am. & Eng. Ency. of Law, p. 811; Evers v. City of Mayfield, 120 Ky. 73, 77, 85 S. W. 697.

Persons eminent in the professions, doctors, engineers, etc., are not infrequently called across state lines into consultation. It has not been supposed that by so doing they violate the registration laws of the state into which they go as ordinarily drawn, even when such statutes contain no explicit exception covering such cases.

It is clear, we think, on the issue of whether the plaintiff was pursuing the practice of architecture in New Jersey, there was a mixed question of law and fact which was properly submitted to the jury, and the defendant's exceptions to the refusal of the trial judge to grant the defendant's motion for a directed verdict in her favor is without merit. State v. Bryan, supra; Evers v. City of Mayfield, supra, at page 77 of 120 Ky., 85 S. W. 697.

In view of this court's ruling that the jury was warranted in finding the acts of the plaintiff did not constitute the pursuing of the practice of architecture in New Jersey, there is no merit in the defendant's other assignments of error.

The judgment of the District Court is affirmed, with costs.