REVA HYMOFF *vs.* CONRAD & Co. INC. January 5, 1945. Judgment for the defendant. The plaintiff, a customer, was hurt in a revolving door at the entrance to the defendant's store. The judge directed a verdict for the defendant and reported the case, the parties stipulating that if there was error judgment should be entered for the plaintiff. While pushing, she was struck in the back by one of the quarter sections, to which a cable was attached and "hanging down." Less than an hour earlier, in order to permit passage on either side, the defendant's superintendent had "collapsed" the doors by "taking out" the cables, which were rendered loose and "hanging down," and by pushing the sections together. The plaintiff specified that the defendant was negligent in that the "revolving door was left with cable unfastened, due either to the failure to properly attach same, or to the worn condition of some part of the attachment causing it to become loose." The meager evidence fails to reveal that the cables were worn or that there was impropriety in unfastening them or in "collapsing" the doors. Any unsafe condition is not shown to have been caused by negligence of the defendant or to have existed so long that the defendant should have discovered it. This case resembles *Toland* v. *Paine Furniture Co.* 175 Mass. 476, and similar decisions, and is unlike cases of which *Promisel* v. *Hotels Statler Corp.* 286 Mass. 15, is an example.

*H. Lawlor,* for the plaintiff, submitted a brief.

*B. A. Sugarman,* for the defendant.

WALTER H. SKINNER *vs.* CHARLES A. CEDERBERG. January 29, 1945. Order dismissing report affirmed. After a finding for the plaintiff upon a demand note for $340, dated December 20, 1940, given him by the defendant, the defendant urged before the Appellate Division and before this court on appeal that the note was void because the agreed interest exceeded the rate allowed by G. L. (Ter. Ed.) c. 140, §§ 96–112. *Cuneo* v. *Bornstein,* 269 Mass. 232. That statute does not apply to loans exceeding $300, nor to loans made by a person who does not "directly or indirectly engage in the business of making loans of three hundred dollars or less." § 96. *Goodowsky* v. *Rubenstein,* 225 Mass. 448. See also *Commonwealth* v. *White,* 260 Mass. 300, 302; *Commonwealth* v. *Sovrensky,* 269 Mass. 460. Although the money was advanced in two instalments, each of less than $300, the finding was warranted that it constituted a single loan exceeding $300 in amount. And a finding was not required that the plaintiff was engaged in the business referred to in the statute.

*S. Miller,* for the defendant.

No argument nor brief for the plaintiff.

DINO DICARLO *vs.* ANTHONY SCOGLIO. February 26, 1945. Order dismissing report affirmed. In this action and in the companion case of Dominic J. Totaro *vs.* Anthony Scoglio, the plaintiffs assert (1) that they are entitled to recover in contract counts upon judgments obtained by them against the agent or servant of the defendant who was driving the defendant's truck at the time of the collision in which the plaintiffs suffered injury, and (2) that the findings against the agent or servant in the former actions are res judicata against the defendant in tort counts for the negligence of his agent or servant. The plaintiffs cannot prevail upon either contention for reasons which sufficiently appear in *Pesce* v. *Brecher,* 302 Mass. 211. The defendant had no opportunity to defend himself in the actions against his agent or servant. The cases are distinguishable from *Giedrewicz* v. *Donovan,* 277 Mass. 563, on the ground set forth in *Pesce* v. *Brecher* at page 213.

The cases were submitted on briefs.

*G. Ginsburg, W. E. Ginsburg, & S. J. Ginsburg,* for the plaintiffs.

*J. L. Wiseman,* for the defendant.