## RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

SADYE FORMAN *vs.* LOUIS E. WOLFSON. February 6, 1947. Exceptions overruled. This is an action of tort "in which the plaintiff seeks damages for negligence of the defendant for the improper manner in which he undertook to perform and did perform cosmetic surgery upon her nose as to cause the plaintiff permanent injury." The jury returned a verdict for the defendant. After the verdict the plaintiff seasonably filed a motion for a new trial on the grounds "that the verdict was against the law and the evidence, and that justice demanded that the verdict be set aside and a new trial had." The motion was heard on evidence. The judge denied the motion and the plaintiff excepted. In dealing with such a motion for a new trial, a judge has a wide discretion. The bill of exceptions does not show that in this case the judge abused his discretion or committed any other error of law.

*S. Forman,* pro se.

*J. F. Dunn,* for the defendant, submitted a brief.

ANTHONY PETRUZZIELLO *vs.* ENRICO BORSELLI. February 6, 1947. Exceptions overruled. This is an action of tort to recover from the defendant compensation for personal injuries and damage to the plaintiff's automobile resulting from the negligent operation of the defendant's automobile. The case, together with a companion case against the operator of the defendant's automobile, was referred to an auditor who heard the cases together. The auditor made a separate report in each case. Both cases came on to be heard in the Superior Court before a judge sitting with a jury. At the trial, counsel for the defendant in this case agreed in open court that the automobile involved was owned by this defendant and registered in his name. The plaintiff made a written motion for a ruling "that the facts found by the auditor in his report in the companion case . . . be taken as applicable to the case at bar and of the same legal effect as if reported in like manner therein." The motion was denied and the plaintiff excepted. The plaintiff then offered in evidence in both cases the auditor's report in the case against the operator. The judge admitted this report as evidence only in the case against the operator and ruled that it had no application in the present case. The judge upon motion of the defendant directed the jury to return a verdict for him in this case. The plaintiff excepted. There was no error. The cases against this defendant, the owner of the automobile, and against the operator thereof were independent cases. The defendant owner was not a party to the case against the operator. The owner had no opportunity to defend himself in that case. The report of the auditor in that case was not admissible in evidence in the present case for reasons that sufficiently appear in *Pesce* v. *Brecher,* 302 Mass. 211, 212–213, and *DiCarlo* v. *Scoglio,* 317 Mass. 773. With the auditor's report in the case against the operator excluded, there was not sufficient evidence to warrant a verdict for the plaintiff in the present case. No such evidence appears in the bill of exceptions, and the plaintiff concedes that there was not sufficient evidence. The verdict was rightly directed for the defendant.

*G. E. Constantino,* for the plaintiff.

*W. L Allen,* for the defendant.