### Markus & Nocka v. Julian Goodrich Architects, Inc., and Julian Goodrich

[ 250 A.2d 739 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed January 9, 1969

*Yandell & Page* for the Plaintiff.

*Donald E. O'Brien, Esq.,* for the Defendant.

**Barney, J.** ■ The defendant Goodrich claims that the lower court assessed architect's fees against him in favor of the plaintiff, without passing on his motion in bar of such a recovery. This motion is not classified a dilatory plea subject to the requirements of 12 V.S.A. §1034, but it is an affirmative matter which the defendant had the burden of advancing and establishing under 12 V.S.A. §1024. Other issues are also raised by this appeal, by the motion referred to goes to the right of the plaintiff to maintain the suit, and, being potentially dispositive of the litigation, is considered first.

■ The defendant, also an architect, by his motion, challenged the plaintiff's standing to sue on the grounds that no member of the plaintiff firm was registered under 26 V.S.A. §121 *et seq.,* and therefore no member was authorized to perform architectural services in Vermont. This motion was never specifically disposed of below, and a remand to that end would be justified. However, unless there is some shortage in the facts related to the ruling, the question is otherwise one of law, subject to final disposition in this Court, and therefore appropriate to be disposed of without remand.

Vermont law provides that practitioners of the architectural profession shall be registered if their activities are not to be illegal. 26 V.S.A. §§122, 123 and 207. Membership in the regulated class is defined as follows in 26 V.S.A. §121:

> The term "architect" or "registered architect" as used herein shall mean a person who holds himself out as able to perform, or does perform, while representing himself as an architect, any professional service such as consultation, investigation, evaluation, planning, designing (including esthetic and structural design), or responsible supervision of construction in connection with any buildings, structures, or projects, or the equipment or utilities thereof wherein the safeguarding of life, health, or property is concerned or involved.

Although a member of the plaintiff firm was registered in Massachusetts, it is conceded that there was no Vermont registration by any of its members.

■ It must be determined, therefore, whether or not, within the definitions in 26 V.S.A. §121, recovery is being sought for architectural services performed in Vermont. The facts in that connection, as revealed by the findings, may be briefly summarized.

The defendant was the principal architect on a project involving an addition to the DeGoesbriand Hospital in Burlington, Vermont. The hospital directed the defendant to engage the services of the plaintiff firm as consulting architects. The plaintiff is a Massachusetts architectural firm specializing in hospital design. The arrangement was accomplished and evidenced in an exchange of letters between the parties. The project with which the plaintiff was connected involved the development of an out-patient department, emergency department laboratory and x-ray departments. The duties of the plaintiff included a study of the medical needs to be incorporated into the addition, inspection of the premises, consultation with hospital staff, preparation of construction and equipment estimates, detail drawings of specialized rooms, participation in revision of preliminary sketches and provision of specifications for cost and bid purposes. The plaintiff's staff made numerous trips to Burlington, consulting with hospital personnel and medical staff, and prepared plans and detailed drawings. As the matter finally wound up, the design recommendations of the plaintiff were not accepted by the hospital staff, and the new expansion was finally

put out to bid and constructed on the basis of plans and working drawings of the defendant. The compensation of the plaintiff was to be 1% of construction cost plus travel expenses, and this 1% figure was the basis of the judgment in favor of the plaintiff awarded below.

It is unquestioned that these activities were carried on in connection with construction to be undertaken within Vermont. The facts show that the plans and sketches were developed on the basis of information obtained from visits to the Vermont site and consultation with the Vermont hospital personnel. Indeed, the acts evidencing performance under the contract, sufficient at law or not, have no other relevance than to this Vermont project on its Vermont site. Thus they are within the ambit of the Vermont architectural registration statute, 26 V.S.A. §121, previously set out.

■■ Architectural contracts entered into in violation of such registration statutes are held to be illegal, and the provisions for payment of commissions under them are unenforceable. *Sherwood* v. *Wise,* 132, Wash. 295, 300-302, 232 P. 309, 311, 42 A.L.R. 1219. The underlying policy is one of protecting the citizens of the state from untrained, unqualified and unauthorized practitioners. It has been applied to many professions and special occupations for similar protective purposes.

It should be noted that there is law to the effect that a single, isolated act by an out-of-state architect not registered in the state where the act occurred, is not such an illegality as will void his right to recover for his services. *Dane* v. *Brown,* 1 Cir., 70 F.2d 164.

This case involved a Massachusetts architect who prepared plans for a building to be built in New Jersey. The client had a summer home in Massachusetts and consulted the architect there. The plans and specifications were drawn in Massachusetts, but taken to New Jersey for the client's approval. The construction was on land owned by the client in New Jersey, and supervised there by the architect.

The District Court for the District of Massachusetts submitted to the jury the question of whether or not the actions of the architect constituted practice in New Jersey in violation of that state's statute. A verdict in favor of the architect was upheld by the Circuit Court. That court refused to say that the facts disclosed, as a matter of law, any violation of the provisions of the New Jersey registration statute. Needless to say, this is not a decision of a New Jersey court on the point.

The issue was stated to be the narrow one of whether supervision of construction of the building in New Jersey violated the New Jersey law. That statute, unlike our Vermont provision, did not enumerate supervision of construction as an architectural service.

At page 165 of the opinion the court did say that it felt the New Jersey statute was directed against "practicing architecture" in the sense of engaging in or pursuing that profession. From that, it stated that it could not rule as a matter of law that a single isolated incident, arising from unusual circumstances, was an illegal act under the New Jersey statute. This may have been a sound and accurate evaluation of that particular enactment, but we would point out that if the legislative purpose is one of protection for clients of architects, such an interpretation seriously weakens that purpose at a point where it may be greatly needed. We cannot accept that view as appropriate to the legislative policy demonstrated by the more positive provisions of the Vermont law.

Other statutes support this interpretation. Part of the concern of the Circuit Court was directed at the consultant aspects of professional services. In comparing the case before it to the practice of medicine and engineering, it remarked that professional calls across state lines frequently occur, and ought not to be supposed to be in violation of registration laws. But Vermont registration laws relating to both medicine and engineering specifically authorize consultant services in Vermont by those properly licensed out of state. 26 V.S.A. §1054 and 26 V.S.A. §1313. Significantly, there is no such provision in the architectural licensing law.

■ Instead, there is a provision for granting a certificate without examination to anyone who has been certified by any authority outside the state whose standards are not below those of Vermont. There is no requirement of residency to obtain such a certificate, and there is no distinction as to fees between residents and non-residents. It seems clear that the legislature intended to require registration as a prerequisite, in all cases, to architectural practice.

■■ 26 V.S.A. §121 specifically mentions consultation as one of the activities proscribed for one not registered. This is not to say that any kind of consultation between architects of different states can be contracturally valid only with registration. It does mean that when the non-resident architect presumes to consult, advise and service, in

some direct measure, a Vermont client relative to Vermont construction, he is putting himself within the scope of the Vermont architectural registration law. Nothing in that law suggests that the services must be somehow repetitive to be prohibited. No basis for excusing this plaintiff from its express provisions appears here.

This ruling that the contract is unenforceable under Vermont law likewise undercuts the defendant's counterclaim and makes it unnecessary to pass on the other issues in the case.

*Judgment reversed and judgment for the defendants to recover their costs.*

*Note:* **Mr. Justice Smith** sat on the argument in the case, but did not participate in the decision.