## Eric M. Rodgers v. Leonard F. and Harriet C. Kelley

[259 A.2d 784]

No. 73-68

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 7, 1969

Rehearing denied October 10, 1970.

*Saul Lee Agel,* and *George P. Stokes,* Burlington, for Plaintiff.

*Theriault & Joslin,* Montpelier, for Defendants.

**Barney, J.** This is a suit to recover for architectural services furnished by the plaintiff under an oral contract with the defendants. The plaintiff recovered a jury verdict below and the defendants have appealed, seeking either that the matter be sent back for a new trial, or that judgment in their favor be granted them here.

Several matters are raised in defense. One is that the contract called for a fee based on an "acceptable" bid, and, since no such bid was forthcoming and the house was not built, no fee was due under the terms of the contract. A second was that the bids on the plans were so far beyond the cost limitation shown by the evidence that the court should have directed a verdict of no liability. A third claim of error faults the submission to the jury of that same issue without a more binding charge on what constituted a reasonable range within which bids, to be binding, must fall. Lastly, the validity of the contract itself, based on the admitted fact that the plaintiff was not a registered architect, was also called into question by a

motion for a directed verdict, made at the close of the plaintiff's case, and renewed at the close of the evidence.

At the time this case was tried below, the decision of this Court in *Marcus & Nocka* v. *Julian Goodrich Architects, Inc.,* 127 Vt. 404, 250 A.2d 739, had not been handed down. On appeal, the plaintiff's argument in support of his position and the contract was based on his contention that he never represented himself as being an architect. He claims a literal reading of the provisions of 26 V.S.A. § 121 supports him:

> The term "architect" or "registered architect" as used herein shall mean a person who holds himself out as able to perform, or does perform, while representing himself as an architect, any professional service such as consultation, investigation, evaluation, planning, designing, (including esthetic and structural design), or responsible supervision of construction in connection with any buildings, structures, or projects or the equipment or utilities thereof wherein the safeguarding of life, health, or property is concerned or involved.

26 V.S.A. §§ 124 and 207 prohibit the use of the title architect without registration, and the plaintiff argues that it is merely the use of the title that is the proscribed activity.

The aims and objectives of the registration provisions as outlined in *Marcus & Nocka* v. *Julian Goodrich Architects, Inc., supra,* 127 Vt. 404, 250 A.2d 739, 741, are perhaps sufficient, by themselves, to dispose of this contention. But the facts produced at the trial demonstrate that the plaintiff's activities fall within the statutory prohibition.

The issue is most clearly put in the testimony of the plaintiff in response to questions from his own counsel:

> Q. ... May I ask whether or not you held yourself out to be a certified registered architect in the State of Vermont to the Kellys (sic) or anyone else?
>
> A. No, I haven't. I never signed my name that way or anything.
>
> Q. Am I to understand from your answer to questions from Mr. Joslin that basically you do all the work of a certified architect?
>
> A. You do, but you are limited on projects. As I said, public works.

Q. Do I understand basically what you did for the Kellys (sic) was the services of a certified registered architect?

A. That's true.

It was the testimony of the plaintiff that his occupation in work for the defendants resulted in damage to him because he lost opportunities to design other houses. He maintained an office in Stowe in order to perform all the functions of an architect. He testified to twelve years of experience in the architectural field, starting his own business in Stowe in 1962. Some of this was working in conjunction with registered architects, and some was independent work.

Thus, the position of the plaintiff is that, so long as he dutifully did not label himself, or his plans, or his business with the title of "architect" or "registered architect", he is not operating in violation of the requirements of the statute in any way.

But "holding oneself out as" an architect does not limit itself to avoiding the use of the label. The evidence is clear that, in the community of Stowe, this plaintiff was known as a proficient practitioner of all of the architectural arts with respect to home building, at least. It was a business operation from which he received fees. He presented himself to the public as one who does the work of an architect. This constitutes holding oneself out as an architect, and is part of the very activity sought to be regulated through registration. It is forbidden to the unlicensed who do not fall within the permitted exceptions listed in the law, as this plaintiff does not. 26 V.S.A. § 124.

The contract here is, therefore, as it was in *Marcus & Nocka* v. *Julian Goodrich Architects, Inc., supra,* 127 Vt. 404, 250 A.2d 739, unenforceable, and the directed verdict should have been granted in favor of the defendants. We will make the appropriate entry here.

*Judgment reversed. Let judgment be entered in favor of the defendants.*