## BENJAMIN M. THOMAS *vs.* MICHAEL BURNCE.

Suffolk.   January 10, 1916. — March 4, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Small Loans Act. Equity Jurisdiction,* Under small loans act. *Equity Pleading and Practice,* Bill.

Although under the small loans act notes given in violation of its provisions are declared by St. 1911, c. 727, § 17, as amended by St. 1912, c. 675, § 5, to be void, and the amount of any unlawful interest paid upon them may be recovered back in an action at law, a remedy in equity also is given expressly by St. 1911, c. 727, §§ 10, 13, as amended by St. 1912, c. 675, §§ 3, 4.

In a suit in equity under St. 1911, c. 727, §§ 10, 13, as amended by St. 1912, c. 675, §§ 3, 4, to recover the amount of unlawful interest paid on notes made void by the small loans act, where the bill prays for an accounting, although the defendant may be entitled to be paid so much of the loans as were not made in contravention of the statute or of the general principles of equity, yet it is not necessary for the plaintiff's bill to contain an offer to pay the defendant any amount that may be found to be due to him upon the accounting prayed for, and the omission of such an offer is no ground of demurrer.

In such a suit in equity to recover back unlawful interest paid on void notes, where the allegations in the plaintiff's bill were somewhat vague and informally stated, it was *held*, that the facts intended to be relied upon were stated with sufficient clearness to allege proper grounds for relief.

PIERCE, J.   The facts intended to be stated in the bill of complaint are that the plaintiff before July 19, 1911, the day of the enactment of St. 1911, c. 727, was a borrower and the defendant a lender of sums of money less than $300 at rates of interest greater than is permitted by § 3 of that act; that before the enactment of that act with each loan a note was given in amount corresponding to the sum of money actually lent; that after the enactment of the act the plaintiff continued to borrow and the defendant to lend as before sums of money in each instance less than $300 at rates of interest prohibited by law, but, because the defendant was not licensed to make loans as in the manner and form made and was in so doing liable to the imposition upon him of fine or imprisonment or of both under the provision of § 17 of said act, thereafter whenever a new loan of less than $300 was made at a rate of interest greater than was permitted under § 3 of the act, a note was given, not for the sum then actually lent, but in

amount to include all sums previously lent with the result that the note as given appeared to represent a loan in excess of $300.

The notes dated December 14, 1914, December 16, 1914, and January 2, 1915, are upon the allegations of the bill to be taken to include all unpaid loans made before July 19, 1911, all unpaid loans made between July 19, 1911, and May 29, 1912, the day of the enactment of St. 1912, c. 675, in amendment of St. 1911, c. 727, and loans of $300 or less at a rate of interest greater than is allowed to be received by an unlicensed lender under St. 1911, c. 727, § 3, St. 1912, c. 675, § 2, made after May 29, 1912, on the day of the dates of the notes above referred to.

The prayers of the bill are that the defendant may be ordered to enter into an accounting with the plaintiff and to pay over to him the amounts which the plaintiff has paid as interest or for expenses in excess of the rates allowed by the statute; that the notes may be declared void and cancelled; that a special precept of attachment may issue; and for further relief.

Section 17 of St. 1911, c. 727, as amended by St. 1912, c. 675, § 5, reads: ". . . and any loan made or note purchased, or indorsement or guarantee furnished by an unlicensed person, partnership, corporation or association in violation of this act shall be void."

The defendant, as grounds of demurrer, assigns

"1. That the matter therein alleged does not set out any ground for relief in equity.

"2. That upon the plaintiff's own allegations he has a plain, adequate and complete remedy at law."

It is true the plaintiff has a complete defence at law to the notes expressly declared to be void, and it is also true that he can recover at law any unlawful interest paid to the defendant; but his remedy is not limited to the common law, since the enactment of St. 1911, c. 727, §§ 10, 13, amended by St. 1912, c. 675, §§ 3, 4, has conferred expressly also a right to maintain a suit in equity. Independently of the statute "courts of equity will grant relief against usurious contracts no matter what may be their form and will permit no shift or devise of the creditor to shield him in taking more than legal interest on a loan." *Horner* v. *Nitsch,* 103 Md. 498.

The defendant also assigns as a ground of demurrer:

"3. That the plaintiff's bill contains no offer to pay the defendant any amount which may be found due him upon the accounting prayed for."

This contention is not specifically argued upon the defendant's brief and may well be treated as waived; but the answer thereto may be taken to be that the statute granting the remedy in equity imposes no condition on its use. At the hearing the defendant may well be entitled to a decree for so much of the loans as were not made in contravention of any statute upon principles recognized and applied in *Bennett* v. *Tremont Securities Co.* 221 Mass. 218, but the failure to offer to pay such does not render the bill demurrable.

The defendant further assigns as a special cause of demurrer:

"4. For special cause of demurrer, the defendant says as to paragraphs 4, 5 and 7 of the plaintiff's bill of complaint that the matters therein alleged are not set out with sufficient definiteness and particularity so they can be understood and answered by the defendant."

We think that the allegations, while somewhat vague and informally stated, do make clear the facts intended to be relied upon and do state proper grounds for relief.

We are of opinion that a decree should be entered revoking the decree * sustaining the demurrer and dismissing the bill and that in place thereof a decree should be entered overruling the demurrer and ordering the defendant to answer over.

*Decree accordingly.*

M. J. Mulkern, (R. Forknall with him,) for the plaintiff.
W. M. Noble, (D. A. Marshall with him,) for the defendant.

---

* Of the Superior Court made by *Morton*, J.