JOZEF PIETRZYKOWSKI *vs.* ISRAEL DAVIS & another.

Bristol.    October 27, 1924. — December 2, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Jurisdiction,* For discharge of mortgage, For an accounting.    *Mort-
gage,* Of real estate: validity, assignment.    *Supreme Judicial Court.
Equity Pleading and Practice,* Allowance of amendment by full court.

In a suit by the owner of certain real estate against a corporation, to which
he had given two mortgages, and two individuals to whom the corpora-
tion had assigned the mortgages, a master, without a report of the
evidence, found that the plaintiff had entered into a contract in writing
with the corporation to construct buildings upon the real estate and as a
part of the consideration therefor, before the completion of the work,
had given to the corporation two notes secured by the mortgages in
question; that later the corporation assigned the notes and mortgages
to the respective individual defendants and afterwards ceased work on
the buildings before they were completed and became bankrupt; that
one assignee was to advance money to the corporation at different
stages of the construction and the other was to advance materials; that
both individual defendants made some such advances; that each in-
dividual defendant knew that the mortgage and note assigned to him
were given to the contractor as a construction mortgage, but neither
of them had knowledge of the contract price or of the time when the
contract was to be completed; that there was no evidence either of
fraud or bad faith on the part of either individual defendant.    A final
decree was entered directing discharges of the mortgages on repayment
of the amounts advanced by each assignee with the interest stipulated
in the mortgage notes.    *Held,* that

(1) On the facts so found, the individual defendants were entitled
to rely upon the security of the mortgages for the amounts actually
advanced by them in good faith, unaffected by any equities in favor of
the plaintiff against the contractor;

(2) A contention of the plaintiff that there was a failure of considera-
tion as to the assignments was without merit;

(3) The plaintiff was not entitled to have deducted from the amount
to be paid the individual defendants the amount of rent which he had
lost by reason of the breach of contract by the contractor.

Where the record in a suit in equity, presented to this court on an appeal
by the plaintiff from a final decree entered in the Superior Court, dis-
closed the lack of a necessary party plaintiff and that in the Superior
Court the plaintiff had filed a motion to amend to cure that defect,
which the defendant had assented to but which had not been allowed,
this court allowed the motion and considered the case as though the
amendment had been allowed in the Superior Court.

BILL IN EQUITY, filed in the Superior Court on December 27, 1923, against LeGault Housing Corporation, Israel Davis and Frederick B. Hawes, seeking injunctions requiring the defendants Davis and Hawes to discharge certain mortgages of real estate given by the plaintiffs to the defendant corporation and by it assigned to them.

In the Superior Court, the suit was referred to a master. By leave of court, the plaintiff discontinued against the corporate defendant. Material findings by the master are described in the opinion. The evidence was not reported. The only exceptions filed to the report were the following exceptions by the plaintiff:

"1. And now comes the plaintiff and excepts to the master's report for finding that there was 'no evidence of either fraud or bad faith on the part of the defendant,' as not being warranted by the facts shown in the report.

"2. The plaintiff excepts to the master's report in that he failed to give to the plaintiff an allowance for loss of rent amounting to $152.00."

The second exception was not based on any objection filed with the master.

The suit was heard by *Lummus*, J. On January 17, 1924, he made an order in writing that a decree be entered confirming the master's report and for the entry of a final decree. On January 21, the plaintiff appealed "from the decree entered Jan. 17, 1924." On January 30, an interlocutory decree was entered confirming the master's report. There was no appeal from this decree.

On February 7, 1924, a final decree was entered without costs in substance that there was due to the defendant Davis from the plaintiff $696 with interest at six and one half per cent from September 8, 1922, and $1,500 with interest at six and one half per cent from September 18, 1922; that there was due the defendant Hawes from the plaintiff $2,043.73 with interest at seven per cent from October 15, 1922; that the plaintiff be allowed three months to pay these sums; and that upon payment thereof the defendants Davis and Hawes should discharge the mortgages. The plaintiff appealed "from the decree entered Jan. 17, 1924, which decree was made a final decree on Feb. 27, 1924."

*A. Auger & E. Auger,* for the plaintiff.

*H. A. Lider,* for the defendants.

CROSBY, J. The plaintiffs, on July 31, 1922, entered into a written contract with the LeGault Housing Corporation, under which the latter was to construct a two-family house on land owned by the plaintiffs. We assume that under the contract the defendant corporation was to furnish the materials required, although it is not expressly so specified. No time was fixed for the completion of the work. The contract provided that the plaintiffs should pay the corporation the sum of $7,500 in the following manner: $760 by a certificate of the same amount of the preferred stock of the defendant corporation; and the balance by two notes secured by mortgages on the real estate, the first to be in the sum of $4,500, dated July 31, 1922, for a term of three years, with interest at six and one half per cent per annum, payable quarterly, with $50 to be paid on the principal on each interest day; the second to be for $2,240 for a term of three years with interest at seven per cent, payable monthly, and a payment at least of $22.50 on the principal on each interest day.

The first of these mortgages, on September 8, 1922, and before any interest or payment on account of principal became due, was assigned by the contractor, with the note which it secured, to the defendant Davis. The second mortgage, with the note which it secured, was assigned by the contractor to the defendant Hawes on September 20, 1922, who took it on behalf of the Acushnet Saw Mills Company, of which he was an officer. The prayer of the bill, so far as it relates to the defendants Davis and Hawes, is that they be ordered to discharge the mortgages held by them respectively on payment to them of such amounts as the court may determine. The case was referred to a master whose report has been confirmed; and a final decree has been entered directing the payment by the plaintiff Jozef to Davis and to Hawes of certain amounts respectively; upon such payments the holders are directed to discharge the mortgages.

The findings made by the master must stand as the

evidence before him is not reported. He found that the defendant corporation is bankrupt and that its stock has no cash value; that on November 11, 1922, the contractor ceased work on the house and that it has not been completed. Respecting the mortgages above referred to the master found as follows: When the mortgage was assigned to Davis a separate agreement was entered into between him and the contractor concerning advancements to be made under the mortgage, and it was therein stipulated that Davis should advance money on the security of the assignment at six different stages of the construction of the building; that he advanced $696 to the contractor on the date of the assignment, and later, $1,500 while the work was being performed; that the Acushnet Saw Mills Company, for whose security Hawes took the assignment of the second mortgage, furnished lumber and materials to the contractor on the premises of the plaintiffs to· the value of $2,043.73, most of which was used in the construction of the building.

The master further found that when the mortgages were assigned, Davis and Hawes each "knew that the mortgage and note assigned were given to the contractor as a construction mortgage," but that neither had knowledge of the contract price or the time when the contract was to be completed. He also found that there was no evidence either of fraud or bad faith on the part of Davis or Hawes or on the part of the plaintiffs. Upon these findings it is manifest that Davis and Hawes are entitled to rely upon the security of the mortgages for the amounts actually advanced by them in good faith, unaffected by any equities in favor of the plaintiffs against the contractor. G. L. c. 107, § 75. *New England Trust Co.* v. *New York Belting & Packing Co.* 166 Mass. 42. *Burnes* v. *New Mineral Fertilizer Co.* 218 Mass. 300. *Paika* v. *Perry,* 225 Mass. 563, 567, 568. *Reynolds* v. *Park Trust Co.* 245 Mass. 440.

The contention of the plaintiffs that there was a failure of consideration as to the defendants Davis and Hawes is without merit.

The plaintiffs made eleven requests, some of them are in effect for findings of fact; so far as they are requests for rul-

ings of law, it is plain that they could not properly have been given. The finding of the master that there was no evidence of either fraud or bad faith on the part of Davis or Hawes was justified by the subsidiary findings made, and they cannot be reviewed in the absence of a report of the evidence. The contention that the plaintiffs were entitled to an allowance for loss of rent cannot be sustained: they are not entitled to have an allowance for loss of rent deducted from the amounts found due to Davis and Hawes, which they advanced in good faith on the strength of the security held by them.

The plaintiff's wife Florentena Pietrzykowski was a party to this contract and is a necessary party to this suit. A motion that she be made a party·plaintiff, assented to by the defendant's counsel, was filed in the Superior Court but has not been allowed. Accordingly the same is allowed by this court and the case is considered on that footing.

It results that the entry should be

*Interlocutory and final decrees*
*affirmed, with costs.*