John A. Cuneo & another *vs.* Harry L. Bornstein & others.

Suffolk.    November 13, 1929. — November 26, 1929.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Wait, JJ.

*Equity Jurisdiction*, To have usurious note declared void. *Bills and Notes*, Validity, Holder in due course. *Usury. Words*, "Void."

The word "void," as used in the provision in § 110 of G. L. c. 140, "Any loan made or note purchased or endorsement or guarantee furnished by an unlicensed person in violation of . . . [§§ 96–111 of that chapter] shall be void," is used in its literal and technical sense.

In a suit in equity under § 103 of that chapter, by the maker and the payee of a note for a sum less than $300, made for the payee's accommodation, which the payee had sold at a discount rate in excess of forty per cent per annum to a lender of money not licensed under the provisions of the statute, who in turn had sold it to the defendant, a purchaser for a fair price and in ignorance of the circumstances of the purchase by the unlicensed lender, a decree declaring the note void and directing its cancellation was proper.

In a suit of the character above described, the plaintiffs were not required to make payment or tender of the amount actually lent as a condition precedent to the maintenance of the suit.

Bill in equity under G. L. c. 140, § 103, filed in the Superior Court on July 17, 1928, and afterwards amended, to have declared void certain notes, of which the plaintiff John A. Cuneo was payee and indorser and the plaintiff Phillip H. Wall was maker and which were alleged to have been discounted by the defendant Realty Investment Company, an unlicensed lender, in violation of the provisions of §§ 96–111 of the statute.

The suit was referred to a master. He in substance found that Wall made for the accommodation of Cuneo at different times four notes: a four months' note for $150, two four months' notes for $200, and a three months' note for $200; that Cuneo sold these notes to the Realty Investment Company, which was not licensed under the provisions of G. L. c. 140, § 96, the $150 note for $125 and each of the $200 notes for not more than $175, thus selling the

$150 note at a discount rate of sixty per cent per annum, the three months' $200 note at a discount rate of not less than fifty-seven and one tenth per cent per annum, and the four months' $200 notes at a discount rate of not less than forty-two and eight tenths per cent per annum; that the Realty Investment Company sold the notes to the defendant Morris Glickman for $700; "that the price paid by Glickman for the notes was a fair price and that at the time of the purchase, he was ignorant of the circumstances under which the Realty Investment Company purchased the notes or the price which it paid for them"; and that Glickman was a "holder in due course."

The suit was heard by *Lummus*, J., by whose order there were entered an interlocutory decree confirming the master's report, and a final decree declaring the notes and the loans described in the plaintiffs' bill to be "wholly void," ordering the defendant Glickman "to deliver up said notes to the plaintiffs forthwith to be cancelled and destroyed," and permanently enjoining and restraining the Realty Investment Company, Bornstein and Glickman from "commencing any proceeding against the plaintiffs or either of them on account of the said loans or said notes."

The defendant Glickman appealed from the final decree.

Sections 96, 103, and 110 of G. L. 140, so far as material, read as follows:

"SECTION 96. No person shall directly or indirectly engage in the business of making loans of three hundred dollars or less, if the amount to be paid on any such loan for interest and expenses exceeds in the aggregate an amount equivalent to twelve per cent per annum upon the sum loaned, without first obtaining from the commissioner of banks, in sections ninety-six to one hundred and fourteen, inclusive, called the commissioner, a license to carry on the said business in the town where the business is to be transacted. When an application for a loan or for an endorsement or guarantee or for the purchase of a note is made by any person within this Commonwealth, and the money is advanced or the endorsement or guarantee is made or furnished by any person without this Common-

wealth, the transaction shall be deemed a loan made within this Commonwealth, and such a loan and the parties making it shall be subject to sections ninety-six to one hundred and thirteen, inclusive. The buying or endorsing of notes or the furnishing of guarantee or security for compensation shall be considered to be engaging in the business of making small loans within said sections. In prosecutions under said sections, the amount to be paid upon any loan of three hundred dollars or less for interest or expenses shall include all sums paid or to be paid by or on behalf of the borrower for interest, brokerage, recording fees, commissions, services, extension of loan, forbearance to enforce payment, and all other sums charged against or paid or to be paid by the borrower for making or securing directly or indirectly the loan, and shall include all such sums when paid by or on behalf of or charged against the borrower for or on account of making or securing the loan, directly or indirectly, to or by any person, other than the lender, if such payment or charge was known to the lender at the time of making the loan, or might have been ascertained by reasonable inquiry. Any person directly or indirectly engaging in the business of negotiating, arranging, aiding or assisting the borrower or lender in procuring or making loans of three hundred dollars or less, for which the amount paid or to be paid for interest and expenses, including all amounts paid or to be paid to any other party therefor, exceeds in the aggregate an amount equivalent to twelve per cent per annum, whether such loans are actually made by such person or by another party, shall be deemed to be engaged in the business of making small loans, and shall be subject to sections ninety-six to one hundred and twelve, inclusive."

"SECTION 103. . . . Any loan upon which a greater rate of interest or expense is charged or received than is allowed by sections ninety-six to one hundred and eleven, inclusive, and the regulations made thereunder, may be declared void by the supreme judicial or superior court in equity upon petition by the person to whom the loan was made."

"SECTION 110. . . . Any loan made or note purchased or endorsement or guarantee furnished by an unlicensed

person in violation of said sections shall be void. In prosecutions under said sections the fact that the defendant has made or assisted in the making of two or more loans of three hundred dollars or less, upon which there has directly or indirectly been paid or charged, for interest, brokerage, recording fees, commissions, services, extension of loan, forbearance to enforce payment or other expenses, a sum which exceeds in the aggregate an amount equivalent to twelve per cent per annum upon the amount actually received by the borrower, whether such sum has been paid to or charged by the defendant or paid to or charged by any other person, shall be prima facie evidence that the defendant has engaged in and carried on the business of making loans to which sections ninety-six to one hundred and twelve, inclusive, apply."

*W. S. McCallum & D. F. McNeil,* for the defendant Glickman, submitted a brief.

*D. Burstein,* for the plaintiffs.

CARROLL, J. This is an appeal by the defendant Glickman from a final decree ordering the cancellation of certain notes, executed by the plaintiffs, for money loaned in violation of the small loans act, G. L. c. 140, § 96, and declaring that the notes were wholly void.

It was found by the master that Glickman was a holder in due course; that he purchased the notes in question for $700, which was a fair price, and that he was ignorant of "the circumstances under which the Realty Investment Company purchased the notes or the price which it paid for them."

G. L. c. 140, § 96, prohibits one from engaging in the business of making loans for $300 or less, if the amount to be paid on any such loan for interest and expenses is in excess of twelve per cent per annum, without first obtaining a license. By § 103 any loan upon which a greater rate of interest is charged than is allowed by §§ 96–111, inclusive, may be declared void in equity upon petition by the person to whom the loan is made. By § 106 the unlawful interest may be recovered; and § 110 enacts that any loan made or note purchased or indorsement or guarantee furnished by an unlicensed person in violation of the statute shall be void.

The Realty Investment Company during the year 1928 was engaged in the business of making and buying loans of $300 or less, charging interest exceeding twelve per cent per annum, without a license. The defendant Bornstein was the president and treasurer of the company. In 1928 the plaintiff Wall made on four occasions promissory notes for the accommodation of the plaintiff Cuneo. These notes were purchased from Cuneo by the Realty Investment Company, and were sold by Bornstein and the company to Glickman, who was not in the business of making small loans. The defendant Glickman contends, although the statute declares notes given in violation of the statute shall be void, that the word "void" should not be construed in its technical sense, and should be construed to mean voidable; that the notes in suit are not void in the hands of a holder in due course. He cites a number of cases in support of this contention.

In *Kelly-Buckley Co.* v. *Cohen,* 195 Mass. 585, it was held that the word "void" as used in the sale in bulk statute then under consideration should be construed as meaning voidable. It was recognized that the word "void" is used in many statutes in its technical sense and in many it is used in the sense of voidable, depending in part on the subject matter of the statute and the abuse which the statute seeks to correct.

The purpose of the small loans act was to prohibit the unlicensed business of making small loans and to prevent an excessive rate of interest on such loans. The statute was passed as a protection to the borrower; it was intended to make the statute effective and to prevent its evasion by indorsing notes given for such loans to third parties. It would afford little protection to a borrower if the notes given contrary to the statute would be valid in the hands of a holder in due course. In our opinion the word "void" was used in its technical sense; the notes were void at their inception and of no validity in the hands of Glickman. This construction of the statute is supported by *Thomas* v. *Burnce,* 223 Mass. 311, where it was said at page 312: "It is true the plaintiff has a complete defence at law to the notes expressly declared to be void . . . but his remedy is

not limited to the common law, since the enactment of St. 1911, c. 727, §§ 10, 13, amended by St. 1912, c. 675, §§ 3, 4, has conferred expressly also a right to maintain a suit in equity." *Missouri, Kansas & Texas Trust Co.* v. *Krumseig,* 172 U. S. 351. These statutes declaring the usurious note to be void have not been repealed or rendered ineffective by any of the provisions of the negotiable instruments act. *Sabine* v. *Paine,* 223 N. Y. 401. *Eskridge* v. *Thomas,* 79 W. Va. 322.

*Burnes* v. *New Mineral Fertilizer Co.* 218 Mass. 300, relied on by the defendant, is not in conflict. There the action was to recover on a note given as collateral security for a loan made in violation of the statute. It was said at page 303: "It is apparent that there is nothing in that act which makes void not only notes given in violation of the act, but securities deposited as collateral for such notes . . . In *Van Schaack* v. *Stafford,* 12 Pick. 565, *Dunscomb* v. *Bunker,* 2 Met. 8, and in *Harrison* v. *Hannel,* 5 Taunt. 780, the action was brought by the person to whom the usurious loan had been made. In such a case the loan itself is void, and nothing being due on the debt for which the collateral was deposited as security, no recovery can be had on the collateral."

The loan made in violation of the statute and the notes given are void. G. L. c. 140, § 110. By § 103 the loan may be declared void by the Supreme Judicial Court or Superior Court in equity upon petition by the person to whom the loan was made.

The plaintiffs were not required to make payment or tender of the amount actually loaned as a condition to the maintenance of the suit. *Thomas* v. *Burnce,* 223 Mass. 311, 313. *Missouri, Kansas & Texas Trust Co.* v. *Krumseig, supra.*

*Decree affirmed with costs.*