J ones, P. J.
This is an action of contract to recover in two counts on two promissory notes, one for three hundred and twenty-five dollars; and the other, two hundred and seventy-five dollars.
The answer is a general denial and a plea that the contracts and notes alleged in the plaintiff’s declaration in each of said counts are illegal and void and in violation of General Laws of Massachusetts relating to small loans.
The defendant is the payee mentioned in each note and endorsed the same to the plaintiff, the plaintiff having purchased the same of the defendant. Accompanying the notes were two conditional hills of sale. On account of the note of three hundred and twenty-five dollars, the defendant received from the plaintiff the sum of two hundred and fifty-five dollars, and on the note for two hundred and seventy-five dollars, the defendant received from plaintiff two hundred and fifteen dollars. The plaintiff is not licensed to carry on the business of making small loans.
*10 At the trial, the defendant contended that the transaction between the parties constitutes a violation of the Small Loans Act of Massachusetts.
GL L., c. 140, §96, prohibits anyone from engaging in the business of making loans for three hundred ($300) dollars or less, if the amount to be paid on any such loan for interest and expenses exceeds in the aggregate an amount equivalent to twelve per cent per annum upon the sum loaned, without first obtaining from the commissioner of banks, a license to carry on the said business of making such loans in the town where the business is to be transacted; and further provides that
“The buying or endorsing of notes or the furnishing of guarantee or security for compensation shall be considered to be engaging in the business of making small loans within said sections.”
And §96 aforesaid, as amended by the Statute of 1934, c. 179, §2, provides that
“If, after all deductions or payments whether on account of interest, expenses or principal made substantially contemporaneously with the making of the loan, the amount retained by the borrower be three hundred dollars or less, the transaction shall be deemed to be a loan in the amount of the sum so retained by the borrower after such deductions or payments, notwithstanding that the loan be nominally for a greater sum. ”
And c. 140, §110, provides that
“ . . . Any loan made or note purchased or endorsement or guarantee furnished by ;an unlicensed person in violation of said sections shall be void. In prosecutions under said sections the fact that the defendant has made or assisted in the making of two or more loans of three hundred dollars or less, upon which there has directly or indirectly been paid or charged, for interest, brokerage, recording fees, commissions, services extension of loan, forbearance to enforce payment *11 or other expenses, a sum which exceeds in the aggregate an amount equivalent to twelve per cent per annum upon the amount actually received hy the borrower, whether such sum has been paid to or charged by the defendant or paid to or charged by any other person, shall be prima facie evidence that the defendant has engaged in and carried on the business of making loans to which sections ninety-six to one hundred and twelve, inclusive, apply.”
It is conceded by the defendant that no license to carry on the business of making such a loan as this one, if this be within the class of those forbidden by the statutes quoted, has been granted the plaintiff, and that the plaintiff does not come under any exception to the rule requiring a license to be obtained, and also, it is admitted that the plaintiff has made two or more loans within the meaning of c. 140, §110. Goodowsky vs. Rubenstein, 225 Mass. 448.
Therefore, the transactions here must be construed as those within the meaning of c. 140, §§96 to 114, because c. 140, §96 states:
“The buying or endorsing of notes or the furnishing of guarantee or security for compensation shall be considered to be engaging in the business of making small loans within said sections.”
Consequently, it cannot be contended that the transactions under consideration are not clearly covered by the provisions of this statute, as the notes in question were bought by the plaintiff in consideration of the payment for one note of two hundred and fifty-five dollars, and in the second case of two hundred and fifteen dollars, and for a compensation on the first note of eighty-five dollars, and on the second note of seventy-five dollars and, therefore, the transaction comes within this statute. Runeo vs. Born-stein, 269 Mass. 232. And our decision in this case is consistent with the decision in a previous case in this Division. *12 Bay State Investors, Inc. vs. Dominic Milyaro et al., 3 Mass. Appellate Division Reports 225, and, further, §96 of c. 140 of the G. L., provides that
“Any person directly or indirectly engaging in the business of negotiating, arranging, aiding or assisting the borrower or lender in procuring or making loans of three hundred dollars or less, for which the amount paid or to be paid for interest and expenses, including all amounts paid or to be paid to any other party therefor, exceeds in the aggregate an amount equivalent to twelve per cent per annum, whether such loans are actually made by such person or by another party, shall be deemed to be engaged in the business of making small loans, and shall be subject to sections ninety-six to one hundred and twelve, inclusive.”
Both of these charges, eighty-five dollars and seventy-five dollars, respectively, were to be paid the plaintiff by the defendant on account of the taking of these notes, and the charges are far in excess of twelve per cent per annum.
Either plaintiff in this case was lending the defendant money or was assisting in the lending of money and, in either case, was acting within the meaning of the section quoted and, therefore, must be considered engaging in the business of making small loans. C. 140, §110, provides that
“Any loan made or note purchased or endorsement or guarantee furnished by an unlicensed person in violation of said sections shall be void.”
Consequently, we cannot construe these notes as of any validity between these parties. The plaintiff cannot be held either as ignorant of the nature of the transactions or a bona fide purchaser for value. The plaintiff’s claim appears printed on the notes.
We, therefore, must consider the notes as void, and in the case of Cuneo vs. Bornstein, 269 Mass. 232, at p. 236, the Court said:
*13 “The purpose of the small loans acts was to prohibit the unlicensed business of making small loans and to prevent an excessive rate of interest on such loans. The statute was passed as a protection to the borrower ; it was intended to make the statute effective and to prevent its evasion by indorsing notes given for such loans to third parties. It would afford little protection to a borrower if the notes given contrary to the statute would be valid in the hands of a holder in due course. In our opinion, the word ‘void’ was used in its technical sense; the notes were void at their inception and of no validity ...”
See Thomas vs. Burnce, 223 Mass. 311, at p. 312, and the word “void” must be construed as meaning absolutely void.
We think there was no error in the disposal of the plaintiff’s requests for rulings, and the report is dismissed.