Robbins, J.
This is an action of contract in which the plaintiff seeks to recover the balance due on a written contract between the defendant and the Washington Square Used Car Mart dated April 25, 1940. This contract was headed “Conditional Sale of Motor Vehicle” and in it the defendant agreed to make payments totaling $332, *140 representing $300 the price of the used car plus $82 for insurance and finance, less $25. credit for a cash payment and $25 for another car turned in toward the purchase price.
The contract was duly assigned to the plaintiff by the Washington Square Used Car Mart, and the plaintiff’s declaration sets forth that the defendant owes it a balance of $118.50, this being the balance due after repossession and sale of the car in question.
The only part of the answer which concerns us is that in which the defendant claims that the contract is illegal and void as being in contravention of the provisions of General Laws, Chapter 140, Sections 96-114, inclusive, relating to so-called “Small Loans”.
The matter was submitted to the trial court as a case stated, the plaintiff’s claim as stated in its declaration being admitted and it also being admitted that the plaintiff was not licensed under the small loans law referred to in the defendant’s answer.
The trial court made a finding for the defendant, and the plaintiff claims to be aggrieved thereby in that the finding involved an erroneous ruling of law on the case stated.
The only issue before the court is whether or not the ruling of the trial court that the Small Loans Act made the contract in this case void was erroneous. In our opinion it was erroneous.
General Laws, Chapter 140, Section 96, reads as follows :
“No person shall directly or indirectly engage in the business of making loans of three hundred dollars or less, if the amount to be paid on any such loan for interest and expenses exceeds in the aggregate an .amount equivalent to twelve per cent per annum upon the sum loaned, without first obtaining ... a license *141 to carry on the said business . . . The buying or endorsing of notes or the furnishing of guarantee or security for compensation shall be considered to be engaging in the business of making small loans ...”
Section 110 of the Act provides:
“Any loan made or note purchased or endorsement or guarantee furnished by an unlicensed person in violation of said sections shall be void.”
The defendant refers to the case of Cuneo v. Bornstein, 269 Mass. 232, and the case of Modern Finance Co. v. Holtz, 1940 A. S. 1747. In each of these cases an automobile was sold and the purchaser signed a conditional sale contract and also some notes, and the decisions in those cases depend upon the fact that notes were given which clearly brings them within the scope of Section 96 quoted above. That section deals with loans and especially provides that the buying or endorsing of notes shall be considered to be engaging in the business of making small loans.
In the case at bar, however, no notes entered into the transaction. In compliance with General Laws, Chapter 255, Section 12, as amended, the contract in this case sets forth the entire agreement and no notes accompanied the contract.
The transaction in question was a conditional sale of an automobile not only in form but in substance. To say that a conditional sale, or any sale on credit, is a loan, is an attempt to place a most artificial construction on a sale. In our opinion the sale in this case cannot be construed as a loan.
But the defendant argues that the court should consider the sale by the Washington Square Used Car Mart to the defendant, and the assignment of the contract by the Washington Square Used Car Mart to the plaintiff as all part *142 of one transaction which in effect was. a loan; and from the fact that a form of an assignment appeared at the bottom of the contract, and the further fact that contract was assigned without recourse, the defendant asks us to infer that the whole transaction constituted an illegal loan.
The copy of the contract attached to the report shows alternate forms of assignment, one “With Guarantee” and the other “Without Recourse”. There is nothing in the report to show that the defendant knew which of these alternate forms was to be used nor in fact is there anything to show that any assignment was contemplated, although it may be that in the usual course of business these contracts are frequently assigned. On the form there is a blank for the insertion of the name of the assignee, and there is nothing reported to show that the name of the plaintiff as assignee was inserted before that contract was signed by the defendant, nor does it appear that anything was said to the defendant in regard to any assignment to anybody.
The only inference which we can draw from these facts is that the sale and the assignment were separate and distinct transactions, and considered in this manner neither the conditional sale nor the assignment can be construed as a loan.
Judgment is to be entered for the plaintiff.