WALTER H. SKINNER *vs.* ALICE C. KAPPLES.

Suffolk.    May 7, 8, 1946. — October 1, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Small Loans.*

A transaction whereby a borrower received from the lender $110 in money and the cancellation of a balance of $279 then due from the borrower to the lender upon a note was not as a matter of law a loan of $300 or less within G. L. (Ter. Ed.) c. 140, § 96, as amended.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 28, 1944.

The action was heard by *Brackett*, J.

*R. J. Hartford*, for the defendant.

*G. I. Kellaher*, for the plaintiff.

LUMMUS, J.   General Laws (Ter. Ed.) c. 140, § 96, as last amended by St. 1941, c. 158, § 1, prohibits engaging "directly or indirectly" in the "business of making loans of three hundred dollars or less" if the "amount to be paid on any such loan for interest and expenses exceeds in the aggregate an amount equivalent to twelve per cent per annum upon the sum loaned," without first obtaining a license from the commissioner of banks. The statute provides further as follows: "If, after all deductions or payments, whether on account of interest, expenses or principal made

substantially contemporaneously with the making of the loan, the amount retained by the borrower be three hundred dollars or less, the transaction shall be deemed to be a loan in the amount of the sum so retained by the borrower after such deductions or payments, notwithstanding that the loan be nominally for a greater sum."

The evidence showed that the plaintiff, without any license for the making of loans under § 96, has been for forty years in the business of making loans of the sort in question. This is an action to recover the balance alleged to remain due upon a demand promissory note for $540, given by the defendant to the plaintiff on October 29, 1943. The only question is whether the note represented a loan "of three hundred dollars or less," for if it did the note was void under G. L. (Ter. Ed.) c. 140, § 110. *Cuneo* v. *Bornstein,* 269 Mass. 232. *Modern Finance Co.* v. *Holz,* 307 Mass. 281. *Commonwealth* v. *Stratton Finance Co.* 310 Mass. 469, 472.

The defendant testified that she had given the plaintiff four or more successive notes for loans on different dates beginning in 1940; that none of the notes was for a sum as small as $300; that each note except the first was for the balance remaining due upon the next preceding note plus a new advance of less than $300. When the note in question was given on October 29, 1943, the defendant received $110 in money and the cancellation of the balance of $279 then due upon the next earlier note.

The defendant contended that, since she received only $110 in money when the note in question was given, the transaction was a loan of $300 or less, and the note was void because the plaintiff had no license to engage in the business of making small loans. The judge in a District Court found that the loan was not one of $300 or less, but one that exceeded $300. He found for the plaintiff for the amount due on the earlier note, $279, plus $110 newly advanced when the note sued on was made, a total of $389, less $121 paid on the latter note, leaving a balance due of $268, to which he added interest from the date of the note at eighteen per cent per annum, making a total finding for

the plaintiff of $371.64. See G. L. (Ter. Ed.) c. 140, § 90, as it appears in St. 1934, c. 179, § 1. The Appellate Division dismissed a report. The defendant appealed to this court.

For all that appears the earlier notes in the series may have been payable on demand, as was the note of October 29, 1943. If so, on October 29, 1943, the plaintiff had a right to be paid $279 owed him on the next preceding note. At any rate he was entitled to receive that sum if the defendant was willing to settle her indebtedness on that day. That sum, when received, he had a right to lend again. He did in effect lend it again, together with $110 of his other money, making a total loan of $389, for which he took the demand note for the sum of $540 now sued on. There is nothing sinister in the fact that the note was taken in the sum of the money already owed on the old note and the money presently advanced, instead of having two notes of different amounts and different dates outstanding concurrently. Even where the transactions amount to thousands of dollars, and no statute interferes with freedom of contract, it is common and convenient to cover the entire indebtedness by a single note just as was done in this case. The judge was warranted in finding that the loan made on October 29, 1943, was one of more than $300 rather than one not exceeding $300. *Skinner* v. *Cederberg*, 317 Mass. 773. *Angleton* v. *Franklin Finance Co.* 88 Colo. 322, 324. We find nothing in *Thomas* v. *Burnce*, 223 Mass. 311, or *Koltin* v. *Brown*, 233 Mass. 16, that requires a decision for the defendant.

*Order of Appellate Division affirmed.*