ALDA MEDEIROS *vs.* SCARPITTI INVESTMENT CORP. December 2, 1965. Final decree affirmed with costs of appeal. An heir of the late John Souza seeks by this bill in equity to obtain the discharge of a mortgage (on real estate in which she now has an interest) given by Souza to the defendant (Scarpitti) to secure a note of September 21, 1955, for $350 "with interest at . . . two per cent per month payable monthly." The mortgage was also "to secure any future indebtedness." Scarpitti, which was not licensed to make small loans (G. L. c. 140, § 96, as amended through St. 1941, c. 158, § 1), later received from Souza on the same terms several notes, each for less than $300, secured by the same mortgage. Souza paid Scarpitti a total of $937.14. There was no evidence that he specified how the payments were to be applied. The plaintiff on December 21, 1962, offered to pay to Scarpitti $947.94, at a time when there was due on the first note for $350 (apart from Scarpitti's payments just mentioned) the whole principal and $609 of interest. The evidence is not reported. The trial judge's subsidiary findings in the report of material facts justified him in concluding that each of the later notes for less than $300 was a separate loan and wholly void (see G. L. c. 140, § 103 [later revised by St. 1962, c. 351, § 1]; *Bernhardt* v. *Atlantic Fin. Co.* 311 Mass. 183, 187–191; see also *Thomas* v. *Burnce,* 223 Mass. 311; cf. *Skinner* v. *Kapples,* 320 Mass. 269, 271); that the plaintiff's tender stopped the running of interest; that Scarpitti could not apply Souza's payments to the void notes (see *Rohan* v. *Hanson,* 11 Cush. 44, 47–48; *Bondy* v. *Hardina,* 216 Mass. 44, 48; cf. *Carlson* v. *Lawrence H. Oppenheim Co.* 334 Mass. 462, 464–465, where void notes do not appear to have been involved), and the interest thereon, even though they purported to be secured by the same mortgage; and that the plaintiff was entitled to a discharge of the mortgage upon paying the balance due on the $350 note with interest, less the amount of Souza's own payments.

The case was submitted on briefs.

*Edward J. Harrington, Jr.,* for the defendant.

*Fred M. Thomas & George M. Thomas* for the plaintiff.

AMELIA PORRECA'S CASE. December 2, 1965. Decree of Superior Court affirmed with costs of appeal under G. L. c. 152, § 11A, to be settled by the single justice. A physician testified that inhalation of fumes while at work on April 30, 1963, was the cause of the employee's injury and that a basis of his opinion was a history of good health before the accident. The insurer introduced evidence of chronic bronchial affliction from 1929 to 1947 with supporting hospital records. The hospital records also showed an entry on January 11, 1957, in the course of a general examination in the medical clinic: "Resp — Wheezing almost gone now." This evidence did not require a finding that the employee was not in good health in a relevant period before the accident. It did not vitiate the affirmative medical testimony nor require the acceptance of the contrary medical view that the employee's incapacity was not caused by the accident.

*Edmund Z. Dymsza* for the insurer.

*John J. Campbell* for the employee.