*Western District*

No. 201120

## HOUSEHOLD FINANCE CORPORATION

v.

## GERALD VOGEL ET AL.

Argued: June 18, 1970 - Decided: July 2, 1970

*Present:* Garvey, P.J., Levine, and Allen, J.J.
Case tried to *Sloan, J.,* in the District Court of
Springfield No. 201120.

*Levine, J.* This is an action of contract to
recover $1,387.10 on a promissory note dated
August 24, 1965 in the principal amount of
$1,016.49, on which the defendants have made
payments of $286. The answer was a general
denial, a claim of payment, a claim the plain-
tiff's claim is void, illegal and against public
policy and that the plaintiff's claim is void be-
cause of usury. The court found for the plain-
tiff in the sum of $1,387.10.

*At the trial there was evidence to show the
following:* the plaintiff was a corporation duly
licensed to engage in the business of making
small loans under the provisions of G.L. c. 140,
§ 96. On August 25, 1965, the defendants ex-
ecuted a note to the plaintiff in the face value
of $1,380, the principal amount of which was
$1,016.49 and the precomputed interest was

$363.51, payable in thirty monthly installments of $46 each. The final installment payment was due on February 25, 1969.

The account of the defendants showed three notes. The first note was dated May 28, 1965 which was paid off from the proceeds of the defendant's second note given the plaintiff dated July 2, 1965, which was paid in full from the proceeds of the August 25, 1965 note in question, which is common and accepted practice. *Skinner* v. *Kapples,* 320 Mass. 269; *Com.* v. *Security Acceptance Corp.,* 350 Mass. 159. In each instance, the defendants were given rebates on the interest on the prior notes. The evidence showed that the rate of interest used to determine the amount of interest charged for the loans was the rate set forth in each note, which rate was specified by the Commonwealth of Massachusetts under the regulations of the Small Loans Regulatory Board, G.L. c. 140, § 100.

The defendants failed to make the regular monthly payments of $46 per month as called for in the note of August 25, 1965. The plaintiff accelerated the note on July 21, 1967, leaving the original unpaid principal balance of $1,016.49 plus interest of $370.61, and at which time, the defendants had made payments totalling $286. The defendants' installments were delinquent for twenty-eight months and interest of $370.61 was due as determined by the days between payments which were in default, ac-

cording to the terms of the note and the regulations of the Small Loans Regulatory Board. The method used to determine the interest was the method which produced the lowest rate of interest.

The defendants made the following requests for rulings of law which were denied by the court: (1) The evidence is insufficient to warrant a finding for the plaintiff, (4) The evidence requires a finding that the plaintiff has violated General Laws of Massachusetts in the loan which is the basis of this action herein, (5) The evidence requires a finding that the plaintiff is charging the defendant usurious interest in this action, (6) The evidence requires a finding that the plaintiff's claim is against public policy, (7) The evidence requires a finding that the plaintiff's claim is in violation of law, (8) the evidence requires a finding that the plaintiff's claim is unconscionable, (9) The evidence is insufficient to warrant a finding for the plaintiff for the amount set forth in the plaintiff's declaration, (12) The evidence requires a finding that the plaintiff charged defendant more than the maximum rate of charge permitted by General Laws of Massachusetts, Chapter 140, Section 100, and (13) The evidence requires a finding that the loan which is the basis of this action is illegal.

All the requests for rulings of law were properly denied since there was ample evidence to warrant a finding for the plaintiff. The loan

in question does not violate any law of the Commonwealth or the regulations promulgated by the Small Loans Regulatory Board under the authority of the Commissioner of Banks and the interest assessed upon the defendants was within the limits prescribed under the provisions of G.L. c. 140, § 100.

There being no prejudicial error, *the report is to be dismissed.*

ROBERT A. HENDEL
   of Springfield for the plaintiff.
LOUIS KERLINSKY
   of Springfield for the defendants.